**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

In re:
**JOSE L BORDON,**
Debtor.
_______________________________________/

Case No. 26-19063-CLC
Chapter 7

**DEBTOR'S MOTION TO AVOID JUDICIAL LIEN OF MIDLAND FUNDING LLC ON EXEMPT HOMESTEAD**

**Under Local Rule 9013-3(b), the relief requested herein may be granted without further motion, notice, or hearing if no written response or objection is filed and served within 21 days after service of this motion.**

Debtor, Jose L Bordon (the 'Debtor'), by and through undersigned counsel, moves pursuant to 11 U.S.C. § 522(f)(1)(A), Fed. R. Bankr. P. 4003(d), and Local Rules 4003-2 and 9013-3(b) to avoid the judicial lien of Midland Funding LLC against the Debtor's exempt homestead, and states:

**FACTS AND BASIS FOR RELIEF**

1. This Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding concerning the Debtor's exemptions and the extent of a lien. Venue is proper in this District.
2. The Debtor is the fee-simple owner of and resides at 8260 NW 5TH TER APT 343, Miami, Florida 33126 (the "Property"). The Debtor has been on title since March 24, 2010.
3. The Property is identified as Folio No. 30-4003-045-1580. Its full legal description, as set forth in the Debtor's schedules and the public-record reference therein, is:

> **Condominium Unit 343, Building 8260 of MIRA VILLAS CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 22777, at Page 2608, and any amendments thereof; together with an undivided interest in the common elements appurtenant thereto as recorded in the Public Records of MIAMI-DADE County, Florida.**

4. The Debtor scheduled the Property on Schedule A/B at a value of $302,300.00.
5. On Schedule C, the Debtor claimed the Property exempt in the amount of $302,300.00 as his homestead property with Florida Constitution Homestead Exemption.
6. Midland Funding LLC obtained a Final Judgment against the Debtor on February 26, 2014 in Miami-Dade County Court Case No. 13013870CC25 (docket format 2013-013870-CC-25). The judgment was entered in the amount of $14,156.00. The judgment provides for post-judgment interest at the statutory rate, as adjusted under section 55.03, Florida Statutes.
7. The Final Judgment was recorded at Official Records Book 29051, Page 3157, CFN 20140156489, recorded March 3, 2014 in the Public Records of Miami-Dade County, Florida. A copy of the recorded Final Judgment, showing the recording information as required by Local Rule 4003-2(a)(2), is attached as Exhibit A.
8. The Debtor acquired his interest in the Property before the Final Judgment was entered or recorded. The recorded judgment therefore constitutes a judicial lien subject to avoidance under 11 U.S.C. § 522(f)(1)(A).
9. Under 11 U.S.C. § 522(f)(2)(A), a judicial lien impairs an exemption to the extent that the sum of the judicial lien, all other liens on the property, and the amount of the exemption exceeds the value of the Debtor's interest in the property absent liens.
10. Here, the Debtor claimed a $302,300.00 homestead exemption against a scheduled value of $302,300.00. Accordingly, the judicial lien is fully impaired and may be avoided in its entirety.
11. A form of order containing the representation required by Local Rule 9013-3(b)(1)(B) is attached as Exhibit B.

WHEREFORE, the Debtor respectfully requests entry of an order: (a) granting this Motion; (b) avoiding in its entirety, pursuant to 11 U.S.C. § 522(f)(1)(A), the judicial lien arising from the recorded Final Judgment as to the Debtor's interest in the Property; (c) authorizing the order to be recorded in the Public Records of Miami-Dade County, Florida; and (d) granting such further relief as is just and proper.

Respectfully submitted,
**/s/ Jose A. Blanco**
**Jose A. Blanco, Esq.**
Florida Bar No. 062449
Jose A. Blanco, P.A.
102 E 49th ST
Hialeah, FL 33013
Telephone: (305) 349-3463
Email: jose@blancopa.com
Counsel for Debtor

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 22, 2026, a true and correct copy of the foregoing Motion, including the recorded Final Judgment and the attached form of Order, was served by U.S. First-Class Mail, postage prepaid, in the manner provided by Fed. R. Bankr. P. 7004(b)(3), upon the parties listed below, and electronically through CM/ECF upon the Chapter 7 trustee and all registered users who have appeared and are entitled to electronic service in this case.

**Midland Funding LLC**
Attn: Officer, Managing or General Agent
350 Camino De La Reina, Suite 300
San Diego, CA 92108

**Midland Credit Management, Inc., Registered Agent for Midland Funding LLC**
13008 Telecom Drive, Suite 350
Tampa, FL 33637

**Midland Funding LLC / Midland Credit Management**
Attn: Bankruptcy
P.O. Box 939069
San Diego, CA 92193

**/s/ Jose A. Blanco**

# EXHIBIT A
# RECORDED FINAL JUDGMENT

NOT AN OFFICIAL COPY - PUBLIC ACCESS NOT AN OFFICIAL COPY - PUBLIC ACCESS

IN THE COUNTY COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO: 13013870CC25

MIDLAND FUNDING LLC
Plaintiff,

vs.

JOSE BORDON,
Defendant.
_______________________________/

2014 FEB 27 AM 11:06

**DEFAULT FINAL JUDGMENT**

This action came before the Court after entry of default against the Defendant, it is hereby:

ORDERED AND ADJUDGED THAT:

Plaintiff, MIDLAND FUNDING LLC, whose address is PO Box 290335; Tampa, FL 33687, shall recover from Defendant JOSE BORDON, the principal sum of $12968.12 plus pre-judgment interest in the amount of $824.88 and court costs in the amount of $363.00, less payments made of $0.00 for a total amount due of $14156.00, all of which shall bear interest at the prevailing statutory rate, currently 4.75% per year from this date through December 31 of this year, thereafter, on January 1 of each succeeding year, until the Judgment is paid or otherwise satisfied, the interest rate will adjust in accordance with Section 55.03 Florida Statutes. For all of which let execution issue.

It is further Ordered and Adjudged that the Defendant shall complete Florida Rules Form 1.977 (Fact Information Sheet), and return it to Plaintiff's attorney within 45 days from the date of this Final Judgment, unless the Judgment has been satisfied or a motion for new trial or notice of appeal has been filed, or post-judgment discovery has been stayed. The Fact Information Sheet should NOT be filed with the Court and need not be recorded in the Public Records.

Jurisdiction in this case is retained to enter further orders that are proper to compel the Defendant to complete the Fact Information Sheet and return it to Plaintiff's attorney.

DONE AND ORDERED at MIAMI-DADE County, Florida, this 20th day of FEBRUARY, 2014.

_______________________________
COUNTY COURT JUDGE

SIGNED AND DATED
FEB 26 2014
JUDGE DON S. COHN

Copies furnished to:
Amanda R. Duffy, Attorneys for Plaintiff, PO Box 290335; Tampa, FL 33687
IL_FL@mcmcg.com

Jose Bordon at 1310 Nw 16th St Apt 503 , Miami, Fl 33125

197781

*Q197781JUDJ-1-*